X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  858-454-4313
Facsimile:   858-454-4314
jon@x-patents.com

Attorneys for Plaintiffs
Ivera Medical Corporation and
Becton, Dickinson and Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVERA MEDICAL CORPORATION and BECTON, DICKINSON AND COMPANY,<br><br>  Plaintiffs,<br><br>  v.<br><br>EXCELSIOR MEDICAL CORPORATION, COVIDIEN LP, and COVIDIEN SALES, LLC,<br><br>  Defendant. | Case No. **'14CV1348 GPC JLB**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

   Plaintiffs Ivera Medical Corporation ("Ivera") and Becton, Dickinson and Company ("BD") (Ivera and BD collectively referred to herein as "Plaintiffs"), for their Complaint against Defendants Excelsior Medical Corporation ("Excelsior"), Covidien LP, and Covidien Sales, LLC (Covidien LP and Covidien Sales, LLC

1

collectively referred to as "Covidien") (Excelsior and Covidien collectively referred to as "Defendants"), aver as follows:

## PARTIES

1. Plaintiff Ivera is a California corporation with its principal place of business at 10805 Rancho Bernardo Road, Suite 100, San Diego, CA 92127.

2. Plaintiff Becton, Dickinson and Company is a New Jersey corporation with its principal executive offices at 1 Becton Drive, Franklin Lakes, New Jersey, 07417.

3. Defendant Excelsior is a corporation with its principal place of business at 1933 Heck Avenue, Neptune, New Jersey, 07753.

4. Defendants Covidien LP and Covidien Sales, LLC are companies with their principal place of business at 15 Hampshire Street, Mansfield, Massachusetts, 02048.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq.

6. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

7. This Court has personal jurisdiction over Defendants because Defendants purposefully ship the infringing products through established distribution channels into the State of California and the Southern District of California. Defendants are also engaged in substantial and regular business in the State of California and the Southern District of California.

8. Venue is proper under 28 U.S.C. §§1391(b) and 1400.

## BACKGROUND

9. On June 3, 2014, United States Patent No. 8,740,864 (the "'864 patent"), on an invention entitled "Patient Fluid Line Access Valve Antimicrobial Cap/Cleaner" was duly and legally issued by the United States Patent and Trademark Office. A copy of the '864 patent is attached hereto as Exhibit A.

10. BD is and has been the owner of the '864 patent since its issuance.

11. Ivera is the exclusive licensee of the '864 patent and has the authority to enforce the '864 patent.

12. Excelsior makes, uses, offers to sell, and sells the infringing SwabCap®, SwabFlush®, SwapPack™, SwabPackPlus™ and SwabKit® products, and the infringing Kendall™ Disinfectant Cap, Kendall™ Disinfectant Cap Pouch, and Kendall™ Flush with Removable Disinfectant Cap products (collectively referred to herein as the "Accused Products"). Covidien uses, sells, and/or offers to sell throughout the United States the infringing Kendall™ Disinfectant Cap Family, including without limitation the Kendall™ Disinfectant Cap, the Kendall™ Disinfectant Cap Pouch, and the Kendall™ Flush with Removable Disinfectant Cap products.

13. The Accused Products infringe one or more claims of the '864 patent in the United States within the meaning of 35 U.S.C. § 271.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '864 PATENT)

14. Plaintiffs reallege and incorporate the previous paragraphs of this Complaint as though set forth in full herein.

15. Excelsior has used, offered for sale, sold, and/or imported into the United States the Accused Products, which literally and under the doctrine of

equivalents infringe one or more claims of the '864 patent in violation of 35 U.S.C. §271.

16. Covidien has used, offered for sale, sold, and/or imported into the United States Accused Products including at least the Kendall™ Disinfectant Cap Family products, which literally and under the doctrine of equivalents infringe one or more claims of the '864 patent in violation of 35 U.S.C. §271.

17. Defendants actively induce infringement of the '864 patent by users of the Accused Products in violation of 35 U.S.C. §271(b). Excelsior has knowledge of the '864 patent and on information and belief Covidien LP and Covidien Sales, LLC have knowledge of the '864 patent. Defendants specifically intend their customers to infringe the '864 patent by using the Accused Products to maintain luer activated valves providing fluid line access in accordance with Defendants' instructions for use. Defendants know that use of the Accused Products by engaging the threads of the Accused Products with the external threads on luer activated valves to attach the Accused Products constitutes infringement of the '864 patent.

18. Plaintiffs have been damaged and have suffered irreparable injury due to acts of patent infringement and inducement by Defendants and will continue to suffer irreparable injury unless Defendants' activities are enjoined.

19. Plaintiffs have suffered and will continue to suffer substantial damages by reason of Defendants' acts of patent infringement and inducement alleged above, and are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered by this Court in their favor and against Defendants as follows:

A. That each of Defendants has infringed the '864 patent;

B.  Permanently enjoining and restraining Defendants, their agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by Defendants from further infringing the '864 patent;

C.  For an award of damages adequate to compensate Plaintiffs for the damages they have suffered as a result of Defendants' conduct, including pre-judgment interest;

D.  That Defendants be directed to withdraw from distribution all infringing products, whether in the possession of Defendants or their distributors or retailers, and that all infringing products or materials be impounded or destroyed;

E.  For monetary damages in an amount according to proof;

F.  For interest on said damages at the legal rate from and after the date such damages were incurred;

G.  That this is an exceptional case and for an award of Plaintiffs' attorney fees and costs;

H.  For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as to all issues that are so triable.

Dated:  June 3, 2014          X-PATENTS, APC

By:   /s/Jonathan Hangartner
        JONATHAN HANGARTNER

Attorneys for Plaintiffs Ivera Medical Corporation and Becton, Dickinson and Company

-5-